IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS MEDINA, ) | |
| Reg. No. 08028-104 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-858-WHA |
| ) | |
| WALTER WOODS, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION[1]

This case is before the court on an amended 28 U.S.C. § 2241 petition for writ of habeas corpus, Doc. 12, and an amendment to the petition, Doc. 25, filed by Carlos Medina.[2] At the time he filed this case, Medina was incarcerated at the Montgomery Federal Prison Camp pursuant to a conviction and sentence imposed upon him by the

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[2] Medina initiated this civil action in the United States District Court for the Southern District of Florida. Based on the claims initially raised by Medina challenging the validity of his conviction and sentence,
> [t]he Southern District of Florida . . . deemed the petition, in actuality, a 28 U.S.C. § 2255 motion as such is the sole avenue for federal relief on the claims presented by Medina, and found the motion barred from its review as successive.  Doc. 7 & Doc. 8.  However, that court [subsequently] determined that to the extent Medina sought to present claims challenging the *execution* of his sentence, e.g., the calculation of his sentence or proper award of good time, under  28 U.S.C. § 2241 any such claim must be brought before [the United States District Court for the Middle District of Alabama].  Doc. 14.  The Southern District of Florida therefore transferred the case to this court to the extent Medina might have presented claims which could proceed under § 2241.

Doc. 16 at 3.

United States District Court for the Southern District of Florida for conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349.  Doc. 34-1 at 3.

## II.  PROCEDURAL HISTORY

Upon receipt of this case, the undersigned entered an order requiring Medina to file an amended 28 U.S.C. § 2241 petition.  Doc, 16.  In the operative amended  petition, Medina argues he is entitled to credit on his sentence for time served on home confinement pending trial, a condition of his bond, and, with such credit, is entitled to release on home confinement in accordance with the First Step Act.  Doc. 17 at 1–2.  Medina seeks his release to home confinement.  Doc. 17 at 2.  In an amendment to the amended petition filed on December 27, 2019, Medina challenges the restitution portion of his sentence and the actual sentence of incarceration imposed upon him by United States District Court for the Southern District of Florida.  Doc. 25 at 1–4.  Medina again seeks credit for time served on home confinement prior to trial and additional relief in the form of a reduction in his sentence.  Doc. 25 at 5.

The respondent filed responses to the claims raised by Medina.  Doc. 34, Doc. 36 & Doc. 40. In these responses, the respondent argues Medina may not proceed in this action on any claims which go to the fundamental legality of his conviction and sentence, including the restitution imposed, as such claims are "not properly brought under 28 U.S.C. § 2241; instead, [this action with respect to those claims] is an improper successive § 2255 motion, which requires authorization from the [appropriate appellate court]."  Doc. 34 at 3.  The respondent further argues this court lacks jurisdiction to consider such claims.

*McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1087 (11th Cir. 2017), *cert. denied*, 138 S.Ct. 502 (Dec. 4, 2017),  In addition, with respect to Medina's claim alleging entitlement to credit on his sentence for time served on pre-trial home confinement as a condition of bond, the respondent maintains this claim is foreclosed by applicable federal law.  Specifically, respondent argues that:

> The Supreme Court unequivocally held in *Reno v. Koray*, 515 U.S. 50, 56 (1995) that time spent in home confinement or on electronic monitoring as a condition of bond is not considered "official detention" and therefore cannot be used as a credit against a defendant's sentence. For this exact reason, the Federal Bureau of Prisons' manual on sentence computation states as follows: "In short, under *Koray*, a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release." *See generally* Rohmer Decl. (discussing BOP Program Statement 5580.28, Sentence Computation Manual New Law/CCCA 1984 at 1-14G, 1-14H).  Because Petitioner's nine month pre-trial home confinement was a condition of bond, it does not constitute "official detention." *See id*. ¶ 6. Therefore, it cannot be applied against his sentence, and he is not entitled to immediate release; instead, he is projected to earn approximately 369 days of Good Time Credit, entitling him to a projected Statutory Release Date of January 4, 2022.   *See id.* ¶ 12.

Doc. 34 at 8–9.  In his initial supplemental response, the respondent also maintains Medina received a recalculation of his good time under the First Step Act which did not entitle him to release and further asserts Medina had not met the age requirement for placement on home confinement at the time of filing this action.  Doc. 36 at 2.  Finally, in an additional supplemental response, the respondent argues due to Medina's subsequent early release to home confinement, those claims "that relate to Petitioner's entitlement to a release to home confinement and the timing thereof are now moot."  Doc. 40 at 2.

## III.  DISCUSSION

### A.  Claims Challenging Petitioner's C/onviction and Sentence

"Typically, collateral attacks on the validity of a federal sentence must be brought [in a motion to vacate] under § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *McCarthan*, 851 F.3d at 1081 (noting that for decades "Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of petition for writ of habeas corpus, [28 U.S.C.] § 2241, to collaterally attack the legality of his sentence.").

> A motion to vacate allows a prisoner to contest his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the "saving clause" at the end of that subsection:
>
>> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> *Id*. § 2255(e) (emphasis added). "[S]aving[, not savings,] is the precise word" for "a statutory provision exempting from coverage something that would otherwise be included," Bryan A. Garner, *Garner's Dictionary of Legal Usage* 797 (3d ed. 2011); it has nothing to do with saving a statute from unconstitutionality, *see, e.g.*, 28 U.S.C. § 1333(1) ("saving to suitors in all cases all other remedies to which they are otherwise entitled").

*McCarthan*, 851 F.3d at 1081–82.

The saving clause of 28 U.S.C. § 2255(e) permits a federal prisoner to file a habeas petition pursuant to § 2241 if he establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." When a petitioner seeks to proceed on a § 2241 petition for writ of habeas corpus under the saving clause of § 2255(e) he "bears the burden of establishing that the remedy by [§ 2255] motion was 'inadequate or ineffective to test the legality of his detention.'" *McCarthan*, 851 F.3d at 1081 (internal citations omitted). "[W]hether a federal prisoner pursuing a § 2241 petition meets the § 2255(e) saving[] clause, and thereby opens a portal to review of the merits of the § 2241 petition, is a threshold consideration that must be resolved [by the court] before reaching the merits of the § 2241 petition." *Simmons v. Warden*, 661 F. App'x 957, 959 (11th Cir. 2016); *McDowell v. Warden, Coleman-Medium*, 694 F. App'x 692, 693–94, *cert. denied*, --- U.S. ---, 138 S.Ct. 343 (Oct. 10, 2017) (holding that "[w]hether the saving clause applies is a threshold issue," and absent its application, a federal district court lacks jurisdiction to "reach the merits of a § 2241 petition.").

> The saving clause provides a federal prisoner relief only when his 'remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). When we read this text, several terms offer important clues about its meaning: "remedy," "to test," "inadequate or ineffective," and "detention." Careful review of these terms and the whole text makes clear that a change in case law does not trigger relief under the saving clause. Whether circuit precedent "was once adverse to a prisoner has nothing to do with whether [a] motion to vacate his sentence is 'inadequate or ineffective to test the legality of his detention.'"
>
> [Petitioner's] claim that his sentence exceeds the statutory maximum is exactly the kind of claim that a motion to vacate is designed to "remedy," notwithstanding adverse precedent. A "remedy" is "[t]he means by which a right is enforced or the violation of a right is prevented, redressed, or

5

> compensated. "Relief" is "the assistance, redress, or benefit which a complainant seeks at the hands of the court. The "means" are not inadequate when circuit precedent forecloses relief on a claim. The remedy of a [§ 2255] motion to vacate permitted [Petitioner] to bring his claim and seek [appellate] review to change the substantive rule of law. That a court might reject a prisoner's argument does not render his "remedy by motion" an inadequate "means by which" to challenge the legality of his sentence. A procedural rule that might prevent success on a particular motion does not render the remedy an inadequate "means" so long as it is capable of "enforc[ing]" or "redress[ing]" the right.

*McCarthan*, 851 F.3d at 1085–86 (internal citations omitted).

Although "a procedural bar might prevent relief, . . . that bar does not render the [28 U.S.C. § 2255] motion itself an ineffective or inadequate remedy. . . . That [Petitioner's] argument was foreclosed by precedent (as opposed to being wrong, untimely, procedurally barred, or unexhausted) is irrelevant. The [§ 2255] motion provided an adequate remedy to challenge the legality of his sentence." *McCarthan*, 851 F.3d at at 1086 (internal citation omitted). Thus, "[w]hen a prisoner's argument about the legality of his sentence conflicts with circuit precedent, a motion to vacate is neither inadequate nor ineffective to test his argument." *Id*. at 1088. Moreover, a petitioner's failure to bring his sentencing claim "earlier nor his odds of success on the merits are relevant to the saving clause inquiry. Because [Petitioner] filed a traditional claim attacking his sentence that he could have brought in a motion to vacate, the remedy by [§ 2255] motion is adequate and effective to test the legality of his detention." *Id*. at 1090. "Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause, nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *Id*. Claims which could have been raised in an initial § 2255 motion or which fall within the exceptions set forth in § 2255(h)

6

are not properly before this court for review in a § 2241 petition. *Id*. at 1090–91. In addition, "Congress did not create any exception to section 2255(h) for non-constitutional changes in law, so we may not craft one." *Id*. at 1091.

> The Court in *McCarthan* further observed:
>
> Section 2255 includes other procedural hurdles the *Wofford* test fails to respect. For example, the *Wofford* test runs roughshod over the statute of limitations, 28 U.S.C. § 2255(f). A federal prisoner has one year [from various relevant dates set forth in § 2255(f)(1)–(4)]to move to vacate his sentence under section. But when a prisoner uses the saving clause to bring a claim that is cognizable in a [§ 2255] motion to vacate, he bypasses the statute of limitations and gains limitless time to press claims that prisoners who ***meet*** the requirements of section 2255 do not receive.
>
> The motion to vacate was intended to be a ***substitute*** remedy for the writ of habeas corpus, *see Hill v. United States*, 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Hayman*, 342 U.S. at 219, 72 S.Ct. 263, but permitting federal prisoners to file habeas petitions based on an intervening change in statutory interpretation [rather than newly recognized right or new rule of constitutional law established by the Supreme Court and made retroactive on collateral review] provides those prisoners with a superior remedy. Allowing a prisoner to use the saving clause to bring a statutory claim in a habeas petition circumvents the bar on successive [§ 2255 motions to vacate]. 28 U.S.C. § 2255(h). It [also] does away with the one-year statute of limitations. *Id*. § 2255(f). It renders the process for obtaining permission to file a second or successive motion, *id*. § [2255(h) and § 2244(b)(3)(A)–(E)], and that for obtaining a certificate of appealability, *id*. § 2253(c)(1), a nullity. A prisoner who brings a constitutional claim under section 2255(h), in contrast, must overcome these procedural hurdles. The [prior] test [established by circuit precedent] unravels this carefully tailored scheme. It makes no sense to allow a federal prisoner to evade the statutory framework by filing a petition for a writ of habeas corpus.
>
> Several of the separate opinions raise a version of the argument that a previously adequate remedy may later become inadequate but these temporal arguments fail in the light of the whole text. . . . [T]his argument ignores that litigants often make novel arguments in the hope that a court will adopt them as a matter of first impression or in rejection of past precedent. . . . But whether the remedy "is" inadequate or ineffective must refer to the nature of

7

the remedy, not to one specific motion, or else the motion becomes inadequate every time a procedural rule like the statute of limitations or procedural default prevents success. The procedural bars mean nothing if they can be avoided through the saving clause. The saving clause does not allow access to section 2241 whenever a claim is untimely or procedurally defaulted otherwise the statute would render itself inadequate or ineffective. The same must be true for the bar on second or successive motions. . . . [T]he means also do not somehow become inadequate or ineffective when circuit precedent is abrogated after a prisoner has filed his first motion to vacate. When Congress limits a prisoner to a single motion to vacate, it does not render the "remedy by motion inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e); it instead limits each prisoner to one test [unless he meets the exceptions of 28 U.S.C. § 2255(h) and receives permission from the appropriate circuit court to file a successive motion].

Allowing a federal prisoner to bring a successive claim in a petition for a writ of habeas corpus also defies the logic of the venue provisions. A federal prisoner must file a motion to vacate in the court that tried and sentenced him, where he can challenge issues about his trial and sentencing. *See id*. § 2255(a). In contrast, he must bring a petition for a writ of habeas corpus in the district in which he is imprisoned, where he can challenge his detention. *See id*. § 2241(d). The United States Attorney who participated in sentencing defends challenges to the prisoner's trial and sentencing. *Id*. § 2255(a). But the warden of the prison [where the inmate is incarcerated] defends challenges to the prisoner's detention. *Id*. § 2241(d).

Allowing a prisoner to bring an ordinary attack on his sentence in the district where he is detained eviscerates this structure. It resurrects the problems that section 2255 was enacted to solve, such as heavy burdens on courts located in districts with federal prisons, inconvenience for witnesses who must travel far from where the prisoner was tried to the place where he is detained, the requirement that wardens defend resentencing. *See* [*United States v. Hayman*, 342 U.S. 205, 219 (1952)]. It also creates new procedural and jurisdictional wrinkles for district courts tasked with implementing relief that the statute does not contemplate. *See Hill v. Sepanek*, Civil No. 14-85-ART, 2017 WL 73338, at *5–9 (E.D. Ky. Jan. 6, 2017) (Thapar, J.) ("[P]ractical problems . . . arise under any construction of the saving[] clause that does not comport with its plain meaning."); *Love v. Hogsten*, Civil Action No. 1:09-cv-2134-JEC, 2012 WL 3822194, at *4 (N.D. Ga. Sept. 4, 2012) (J. Carnes, J.) ("Insisting that what is essentially a § 2255 claim . . . be instead deemed a § 2241 claim [shifts] the venue . . . from the district of sentencing to the district in which the petitioner is confined[,] . . . meaning that there is the

> potential for multiple § 2241 saving[ ] clause claims in multiple districts, creating confusion, duplicative effort, and potentially inconsistent results."). Allowing access to the saving clause to bring ordinary sentencing challenges disregards Congress's decision to bifurcate the system of collateral review between challenges to a prisoner's sentence and challenges to the execution of a prisoner's sentence. Limiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of federal collateral review.

*McCarthan*, 851 F.3d at 1091–92 (emphasis in original). As the court further noted, permitting "the bar on successive motions (or other procedural bars to relief) to trigger the saving clause makes the statute self-defeating." *Id*. at 1091. It is therefore clear that the mere fact a petitioner faces procedural bars – i.e., successive petition, expiration of the one-year limitation period or procedural default – to obtaining relief in a § 2255 motion does not render § 2255 inadequate or ineffective.

"A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan*, 851 F.3d at 1099. As such, "ordinary sentencing challenges" may not be brought under § 2241. *Id*. at 1091–94. Consequently, "any 'cognizable claim' that could have been brought under § 2255, even if circuit precedent or procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after *McCarthan*." *Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 603 (11th Cir. 2017), quoting *McCarthan*, 851 F.3d at 1086–90.

The court set forth the limited circumstances in which a federal prisoner may invoke the saving clause of 28 U.S.C. § 2255(e) to file a 28 U.S.C. § 2241 petition for writ of habeas corpus. Specifically, a federal inmate "may file a petition for a writ of habeas

9

corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations.  The saving clause also allows a prisoner to bring a petition for writ of habeas corpus when the sentencing court is unavailable [such as when the sentencing court no longer exists]. . . . Or . . . perhaps practical considerations (such as multiple sentencing courts) might prevent a prisoner from filing a motion to vacate. But only in those kinds of limited circumstances is [the remedy by § 2255 motion] inadequate or ineffective to test the legality of his detention." *McCarthan*, 851 F.3d at 1092–93 (internal citations and quotation marks omitted).  None of these circumstances are present in this case.

The court therefore concludes that Medina may not proceed on his § 2241 habeas petition under the saving clause with respect to claims challenging the legality of his conviction and sentence because, as explained in *McCarthan*, such claims are claims which are recognizable under § 2255.  Consequently, "the remedy by [§ 2255] motion was an 'adequate and effective means for testing such an argument.'  [Medina] cannot now use the saving clause to make that claim in a petition for a writ of habeas corpus." *McCarthan*, 851 F.3d at 1099–1100. (internal citation omitted).

For the foregoing reasons, Medina is entitled to no relief on claims raised in his 28 U.S.C. § 2241 petition which attack his conviction and sentence, and this case as to those claims is subject to dismissal for lack of jurisdiction. *Donaldson*, 691 F. App'x at 603 (holding that where Petitioner did not meet "circuit's requirements for the § 2255(e) saving clause necessary to bring a § 2241 petition . . . the district court did not have jurisdiction to

consider [Petitioner's] § 2241 petition[.]"); *Smith v. Warden, FCC Coleman-Medium*, 701 F. App'x 929, 931 (11th Cir. 2017) (holding that because "Petitioner cannot avail himself of § 2255(e)'s saving clause . . . the district court lacked jurisdiction over Petitioner's § 2241 petition."); *McDowell*, 694 F. App'x at 695 (affirming district court's dismissal of Petitioner's § 2241 habeas petition for lack of jurisdiction where Petitioner could not use the saving clause to raise his claims in such a petition); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir.), *cert. denied*, 540 U.S. 1085 (2003) (noting that since the petitioner could not satisfy the saving clause of § 2255(e) the district court should have dismissed the petition for lack of jurisdiction rather than denying the petition).

### B.  Claims Seeking Placement on Home Confinement

As to those claims which go to Medina's request for placement on home confinement, the undersigned finds such clams are moot. Courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S. 244, 246 (1971).  An actual controversy must exist at all times during the pendency of a case.  *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  In cases where the only relief requested or permitted is injunctive in nature, events which occur subsequent to the filing of the case can render the matter moot. *National Black Police Assoc. v. District of Columbia,* 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  *Al Jajjar v. Ashcroft*, 273 F.3d 1330,

1335 (11th Cir. 2001). The mootness doctrine derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings. . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

"A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (internal quotation marks omitted) (citing *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where . . . interim relief or events have eradicated the effects of the alleged violation."); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

When actions occur subsequent to the filing of a lawsuit whereby Petitioner obtains the requested relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969). In these instances, dismissal is required because mootness is

jurisdictional.  *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n.14 ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction [over the merits of a case].").  "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion."  *Id*. at 1217 (citing *Hall*, 396 U.S. at 48, 90 S.Ct. at 201–02.

Medina has been released to home confinement.  Under the undisputed circumstances of this case, the only relief sought by Medina which is proper in this habeas action is moot.  Consequently, Medina's claims regarding entitlement to release to home confinement are due to be dismissed as moot since such claims "no longer present[] a live controversy with respect to which the court can give meaningful relief."  *Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1217; *United States ex. rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  With respect to Medina's claims challenging the validity of his conviction and sentence, the 28 U.S.C. § 2241 petition for habeas corpus relief be DISMISSED for lack of jurisdiction.

2.  As to Medina's claims regarding entitlement to release on home confinement, the 28 U.S.C. § 2241 petition for habeas corpus relief be DISMISSED as moot since a more favorable decision on the merits would not entitle him to any additional habeas relief.

    3. This case be DISMISSED with prejudice.

It is further ORDERED that on or before **August 10, 2021** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 27th day of July, 2021.

                               /s/ Charles S. Coody
                               UNITED STATES MAGISTRATE JUDGE